652 F.2d 189
 209 U.S.App.D.C. 196, 7 Media L. Rep. 1530
 NATIONAL COMMITTEE FOR RESPONSIVE PHILANTHROPY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
CBS, Inc., United Way of America, American Broadcasting
Companies, Inc., National Broadcasting Company,
Inc., Intervenors.
 No. 80-1877.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued April 27, 1981.
Decided May 20, 1981.
 
 Andrew Jay Schwartzman with whom Deborah C. Costlow and Heidi P. Sanchez were on the brief, for petitioner.
 Lisa B. Margolis, Counsel, F. C. C., Washington, D. C., with whom Sanford M. Litvack, Asst. Atty. Gen., Dept. of Justice, Robert R. Bruce, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, C. Grey Pash, Jr., counsel, F. C. C., Barry Grossman and Daniel J. Conway, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondents.
 
 
 1
 Stephen A. Weiswasser, Washington, D. C., with whom J. Roger Wollenberg, Washington, D. C., was on the brief, for intervenor, CBS, Inc.
 
 
 2
 John S. Koch, Washington, D. C., was on the brief, for intervenor, United Way of America.
 
 
 3
 Corydon B. Dunham, New York City, Howard Monderer, Washington, D. C., and Ellen Shaw Agress, New York City, were on the brief, for intervenor, National Broadcasting Company, Inc.
 
 
 4
 James A. McKenna, Jr. and Carl R. Ramey were on the brief, for intervenor, American Broadcasting Companies, Inc.
 
 
 5
 Before MacKINNON and EDWARDS, Circuit Judges and DAVIES*, Senior, United States District Court Judge for the District of North Dakota.
 
 
 6
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 7
 The National Committee for Responsive Philanthropy (the Committee) petitions for review of an order of the Federal Communications Commission (FCC). The order denied the Committee's complaint that the television networks ABC, CBS and NBC violated the Fairness Doctrine[1] when they rejected the Committee's request "to balance the issue" allegedly addressed by 60-second TV spot announcements which showed various activities of the United Way and which concluded: "Thanks to you it works for all of us ... The United Way." (App. 34).[2] The FCC ruled that the Committee failed to show that the networks were unreasonable in concluding that the announcements did not meaningfully address a controversial issue of public importance. The Committee makes the procedural contention that the FCC should have referred the complaint to the networks for comment instead of dismissing it on the basis of the pre-complaint explanations the networks furnished in response to the Committee's request.
 
 
 8
 The Committee claims there is a controversy over the manner in which the United Way collects and distributes funds. The Committee's position is that the United Way unfairly pressures contributors and that it does not serve all elements of society because in following its policy of avoiding controversial activities it does not benefit such charitable causes as abortion clinics, pregnancy counseling centers, environmental groups, neighborhood associations, activist groups, minority run agencies and others. The Committee complained to the networks that the 60-second spot announcements took a position on this controversy contrary to its own. In response to the Committee's request for "balance," the networks all explained, in effect, that the controversy was not meaningfully addressed in the announcements. (App. 41-43, 46, 57). The FCC ruled these were reasonable interpretations and dismissed petitioner's complaint.
 
 
 9
 In our judgment the ruling by the FCC did not violate its Fairness Doctrine, which applies only when the broadcasted statement amounts to advocacy of a position on one side of an ongoing public debate and obviously and substantially addresses that issue in a meaningful way. Fairness Report, 48 F.C.C.2d 1, 12-13 (1974); Cf. National Citizens Comm. for Broadcasting v. FCC, 567 F.2d 1095, 1108 (D.C.Cir.1977), cert. denied, 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978).
 
 
 10
 We conclude that the Commission committed no prejudicial error when it decided the complaint warranted no further Commission action after the FCC considered the initial replies from the networks. Where the initial broadcaster statement adequately answers the allegations of the complaint, no need is served by requiring a further or redundant statement. See, e. g., Committee for Scientific Investigation of Claims of the Paranormal, 70 F.C.C.2d 1956, 1960 (1979), aff'd mem., 612 F.2d 586 (D.C.Cir.1980) (Commission would dismiss complaint solely on basis of broadcaster's pre-complaint statement). The petition is therefore denied.
 
 
 11
 Judgment accordingly.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 294(d)
 
 
 [1]
 The Fairness Doctrine requires a broadcaster that presents one side of a controversial issue of public importance to afford a reasonable opportunity for the presentation of contrary viewpoints. Report on Editorializing, 13 F.C.C. 1246, 1250 (1949)
 
 
 [2]
 The (spots) simply show a football player visiting a United Way charity and commenting favorably upon it. Then the tag line states that "thanks to you" the United Way "works for all of us."
 App. 157.